## LOCKWOOD *v*. CUTTER TOWER CO.

*(Circuit Court, D. Massachusetts.* November 22, 1883.)

PATENTS FOR INVENTIONS—APPLICATIONS FOR THE SAME INVENTION.

The plaintiff adjudged to be the first inventor of an " improvement in India-rubber erasers," for which letters patent No. 167,455, dated September 7, 1875, were granted to him, as against letters patent for the same invention, No. 233,511, granted to one Holton, October 19, 1880.

See *Lockwood* v. *Cutter Tower Co.* 11 FED. REP. 724; *Same* v. *Cleveland*, 18 FED. REP. 37.

In Equity.

*Browne, Holmes & Browne,* for complainant.

*Allen, Hemenway & Savage,* for defendant.

Before LOWELL and NELSON, JJ.

LOWELL, J. The complainant has a patent, No. 167,455, dated September 7, 1875, for an "improvement on India-rubber erasers," and Francis H. Holton in 1877 applied for a patent for the same invention, and after a hearing upon interference with the present complainant, and several appeals, a patent was granted to Holton, October 19, 1880, No. 233,511. The case was found by the patent-office to be a difficult one. The primary examiner adjudged Holton to be the first inventor, and entitled to a patent. The board of examiners in chief decided that if Holton was the first inventor he had not used due diligence in perfecting and patenting his invention, and that Lockwood had put the invention into public use some days more than two years before Holton applied for his patent. The commissioner of patents held that Holton was the first inventor, but that he had permitted the invention to go into public use for more than two years before his application. The supreme court of the District of Columbia reversed this decision and ordered the patent to issue to Holton. The opinion of the court is not given in the record, but it is plain that three diferent conclusions were arrived at by four able and competent authorities, the last of which came back to the opinion of the primary examiner.

The case was before us last year, and we expressed the opinion that one of the defenses was not made out, but as a case had been pending for some time in the district of New Jersey between the complainant and the owner of Holton's patent, we thought best to require the complainant to prosecute that suit, which was between the principal parties representing the hostile patents, rather than to decide this case begun later, in which the defendant company merely sold the goods which were made under Holton's patent. *Lockwood* v. *Cutter Tower Co.* 11 FED. REP. 724. The case in New Jersey has now been decided by Judge NIXON upon the same evidence which is before us. He holds that Lockwood was the first inventor, and that Holton's patent is void. *Lockwood* v. *Cleveland*, 18 FED. REP. 37. We have

examined the record again, and agree with the conclusions reached by the circuit court in New Jersey. We refer to the report of that case for an examination of the facts and a history of the invention. Judge Nixon does not say in so many words that the invention had not been in public use more than two years before Lockwood applied for his patent; but that is a necessary part of his decision, for if he had found Lockwood's patent to be void he would have so adjudged. *Lockwood* v. *Cleaveland*, 6 FED. REP. 727. Holton testifies that he made the discovery by accident in March, 1872, which was more than two years before Lockwood's application, and that he gave some samples to his friends; but Judge Nixon says he "gave the products of said experiments to his friends for trial and approval," and this seems to us to be the fact. The use was experimental. Besides, it is far from clear that those samples were given in 1872. In the matter of dates his witnesses are vague. We conclude, therefore, that Lockwood is entitled to a decree.

Decree for complainant.